16-0344(L)
United States v. Reyes

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         SUSAN L. CARNEY,
                   Circuit Judges,
         KATHERINE POLK FAILLA,
                   District Judge.*

- - - - - - - - - - - - - - - - - - - -X

United States,
         Appellee,

         -v.-                                16-0344(L)
                                             16-739(con)
Ronaldo Reyes,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

---

    *    Judge Katherine Polk Failla of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**                    Benjamin W. Hill, Dreyer Boyajian
                                     LLP, Albany, NY.


**FOR APPELLEE:**                    Douglas G.N. Collyer, Paul D.
                                     Silver, Assistant United States
                                     Attorneys, <u>for</u> Richard S.
                                     Hartunian, United States Attorney
                                     for the Northern District of New
                                     York, Albany, NY.


Appeal from a final order of the United States District Court for the Northern District of New York (Scullin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Ronaldo Reyes appeals from a judgment of conviction entered in the United States District Court for the Northern District of New York (Scullin, <u>J.</u>).  Reyes was convicted after a jury trial of one count of conspiring to bring and seven counts of bringing aliens to the United States unlawfully for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a).  He was sentenced principally to a 60-month term of imprisonment.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.**  Reyes was convicted for his role in smuggling aliens on several dates.  Reyes argues that his conviction on Counts Three through Six, which relate to one instance of smuggling four aliens, should be vacated because the only evidence regarding his financial incentives was the testimony of a single witness who could not testify that Reyes was paid or otherwise committed the offense for commercial advantage or financial gain.

"We review challenges to the sufficiency of evidence de novo," but while "view[ing] the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." <u>United States v. Pierce</u>, 785 F.3d 832, 837-38 (2d Cir. 2015).  "[T]he evidence must be viewed in

2

conjunction, not in isolation," United States v. Persico, 645 F.3d 85, 104 (2d Cir. 2011), and "[w]e will sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Pierce, 785 F.3d at 838 (internal quotation marks omitted).

The evidence that Reyes was paid for the particular smuggling charged in Counts Three through Six was circumstantial; but taking it together, and viewing it in the light most favorable to the government, there is enough for a rational trier of fact to convict. Cooperating witness Clarisa Gil-Corcino, who pleaded guilty to her role in the smuggling in question, testified that: (1) Reyes had told Gil-Corcino that he and his uncle were in the alien smuggling business and split the profits; (2) one of the illegally transported aliens had asked Gil-Corcino if she could find someone to transport her; (3) Gil-Corcino asked Reyes what it would cost; (4) Reyes quoted a price; and (5) Reyes offered to pay Gil-Corcino to pick up aliens when they had made it across the border. Gil-Corcino agreed and was caught in the act. A rational jury would be entitled to credit that testimony and, considering its totality, could find beyond a reasonable doubt that the aliens Gil-Corcino picked up on the date charged in Counts Three through Six were sent by Reyes, who had arranged their transport for profit as part of a pattern of alien smuggling that provided sufficient funds for Reyes to pay Gil-Corcino for her role.

**2.** Reyes argues that hearsay testimony elicited at trial violated his Sixth Amendment rights and deprived him of a fair trial. The testimony in question was not admitted, but was erroneously elicited and subsequently stricken. The government asked Gil-Corcino, "And [Reyes] got paid, right?" J.A. 184. The district judge overruled Reyes's objection, and Gil-Corcino began to answer, "Yes, the illegals," before the district judge inquired into the basis for that testimony, realized it was hearsay, and struck the question and the answer. J.A. 184-85.

The government concedes it was error to elicit Gil-Corcino's answer, which she could provide only on the basis of statements by third parties. Her brief response was not received in evidence, however: it was immediately stricken, it was not mentioned again, and the jury was instructed to disregard

3

stricken testimony.  Juries are generally presumed to "follow the instructions they are given."  United States v. Agrawal, 726 F.3d 235, 258 (2d Cir. 2013).  The evidence was easily sufficient to sustain the conviction without Gil-Corcino's interrupted response to the government's improper question.  Reyes and the government dispute whether the issue was sufficiently raised in the district court, and therefore whether review is for plain error, but in any event the stricken answer did not deprive Reyes of a fair trial.

**3.**  The district court admitted into evidence photographs taken by a "Buckeye Cam" infrared camera placed in the woods near the border.  Reyes argues that the district court abused its discretion because the images are of poor quality and lack probative value, and because the Border Patrol Agent through whose testimony the photographs were introduced could not testify as to the camera's precise location, or as to its technological features.

Our review of the decision to admit such evidence "is highly deferential in recognition of the district court's superior position to assess" it.  United States v. Coppola, 671 F.3d 220, 244 (2d Cir. 2012) (quotations marks omitted). We will only reverse the district court's ruling as an abuse of discretion if it "was arbitrary and irrational."  Id.  We find no error in this case.

The testimony about the camera's placement and functioning was sufficient to lay a foundation for the photographs' admission.  Reyes presents no argument that the images are anything other than what they purport to be.  If their grainy quality or vagueness about the camera's precise location impaired the probative value of the images, their potential to prejudice Reyes would be correspondingly reduced.  He presents no plausible argument that he was unfairly prejudiced or deprived of a fair trial because of their admission.

4

Accordingly, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK